## ROBERTS *v.* HOLMES.

A person who would justify his acts as a public officer, must show that he is such an officer *de jure.*

A collector of taxes, deriving his authority from the appointment of select-men *de facto*, is an officer *de jure.*

This court has power to allow the amendment of town records conformably to the fact.

TRESPASS for an assault and battery and false imprisonment. The defendant justified as collector of taxes of the town of Jefferson. The defendant produced the record of his appointment by the se-lectmen, and also the original appointment, and neither the record nor the original showed any evidence that the defendant was sworn into said office, except the following certificate at the bottom thereof: "Personally appeared W. W. Holmes and swore to the above affida-vit." The defendant moved that the record be amended so as to show that the oath required by law was administered; and, upon satisfactory proof being shown to the court that the fact was so, said amendment was ordered to be made. The plaintiff objected, that, inasmuch as the record did not show that the defendant was collector *de jure* at the time of the arrest, the amendment would not cure the defect so that the defendant could justify his acts done before the amendment was made. The court ruled otherwise, and the plaintiff excepted. The plaintiff offered to prove that the warrant for the annual town-meeting, at which the persons signing the defendant's appointment were elected selectmen, was not posted at the place of the meeting as required by law. This evidence was excluded, and the court ruled that it was sufficient to show that they were acting selectmen, that is, selectmen *de facto*, and the plaintiff excepted.

A verdict was ordered for the defendant, which is to stand or be set aside according to the opinion of the whole court upon the foregoing exceptions.

Case reserved.

*Fletcher & Heywood*, for the plaintiff.

*Burns & Heywood*, for the defendant.

FOSTER, J. This court has power to allow the amendment of town records, when they are offered in evidence, conformably to the truth; and this power was properly exercised at the trial of this cause. *Gib-son* v. *Bailey*, 9 N. H. 168; *Pierce* v. *Richardson*, 37 N. H. 306, 311.

The amendment being made, the record shows that the defendant was at the time of the alleged trespass an officer, deriving his authority, not from the vote of the town-meeting, which was, perhaps, illegally

organized, but from the appointment of selectmen. Doubtless a person against whom a suit is brought, who justifies as a public officer, must show that he is such an officer *de jure.* *Brewster* v. *Hyde,* 7 N. H. 207; *Blake* v. *Sturtevant,* 12 N. H. 567. This the defendant has done by proof of a regular appointment by the selectmen.

He need not go so far as to show that the selectmen were regularly chosen. The suit is not against them, and their official title cannot be questioned in a suit between third persons. *Tucker* v. *Aiken,* 7 N. H. 113; *Baker* v. *Shephard,* 24 N. H. 208; *Pierce* v. *Richardson,* before cited. Infinite obstruction of the public business would ensue, if a party, called upon to justify his official conduct, were to be required to go to the root of all derivative authority, and show that, even from the primary fountain and through all its thence flowing course, the stream of his power was pure and unobstructed. For example, it would be too inconvenient to be established as law, that the deputy of a sheriff, being required to justify his acts, must show that the "high" sheriff, from whom he derived his appointment, was himself appointed by an executive legally elected.

*Judgment on the verdict.*